UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David McQueen, | ) C/A No. 4:11-00335-RBH-TER |
| Plaintiff, | ) |
| vs. | ) |
| Honorable Patricia Speth; | ) |
| Sgt. Jose Martin Caso; | ) |
| Lt. Bessie Ann Gause; | ) Report and Recommendation |
| Lt. Marvin Alston, | ) for Partial Summary Dismissal |
| Defendants. | ) |

The Plaintiff, David McQueen (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] The Complaint names three employees of the Marion City Police Department and a Municipal Court Judge as Defendants. Having reviewed the Complaint in accordance with applicable law the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted as to the Honorable Patricia Speth. Service of the Complaint is directed for Defendants Caso, Gause, and Alston in an Order to be filed contemporaneously with this Report and Recommendation.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal as to the Honorable Patricia Speth. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff indicates that he was arrested at his residence on January 7, 2011, for the offense of criminal domestic violence by three Officers employed by the City of Marion Police Department: Sgt. Jose Martin Caso; Lt. Bessie Ann Gause; and Lt. Marvin Alston. ECF No. 1, page 3. Plaintiff claims that the Officers' conduct constituted "complete racial profiling and discrimination," and that "[t]here is no substantial evidence showing that [Plaintiff] is guilty of domestic violence in the 1st offense." *Id.* at 4. Thus, it appears Plaintiff is complaining of a warrantless arrest, which allegedly lacked probable cause. Plaintiff additionally claims that Defendant Caso provided false information at Plaintiff's court hearing on January 18, 2011. *Id.* at 3.

Plaintiff's claims against the Honorable Patricia Speth, Marion County Municipal Court Judge, involve this Defendant's decision to grant a continuance in Plaintiff's case at the January 18th hearing. *Id.* at 3. Plaintiff states that Judge Speth showed favoritism towards Officer Caso in the courtroom, allowing the Officer to speak, while Plaintiff "did not have a right to anything." *Id.* Plaintiff attributes Judge Speth's actions to racial prejudice due to the fact that Plaintiff is a black

male and Officer Caso and Judge Speth are both white. *Id.* Plaintiff seeks monetary damages and feels that "all charges should be dropped." *Id.* at 4.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

While Plaintiff provides sufficient factual information to withstand summary dismissal of his false arrest claim against the three law enforcement officers, the Honorable Patricia Speth is immune from Plaintiff's claim for damages under § 1983. The courts of South Carolina, to include the Municipal Courts, are part of a unified judicial system. *See* S.C. Const. art. V, § 1; *City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989); *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975). As Municipal Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In the instant action, Plaintiff sues Judge Speth for granting a continuance at a hearing held on January 18, 2011. As Defendant Speth is absolutely immune from Plaintiff's claim for

damages for judicial decisions made during a court hearing, this Defendant should be summarily dismissed from the case.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process as to the Honorable Patricia Speth.  Process shall issue for service on the remaining Defendants.  Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| April 13, 2011 | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III. |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).