UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID McQUEEN, | Civil Action No.: 4:11-cv-0335-RBH-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| HONORABLE PATRICIA SPETH, SGT. JOSE MARTIN CASO, LT. BESSIE ANN GAUSE, and LT. MARVIN ALSTON; | |
| Defendants. | |

**I.   INTRODUCTION**

Plaintiff, who is proceeding pro se, alleges that Defendants[1] falsely arrested him without probable cause. Although not explicitly set forth in the Complaint, Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant Caso, Gause, and Alston's Motion for Summary Judgment (Document # 47). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion for Summary Judgment, could result in dismissal of his Complaint. The deadline for Plaintiff's response to Defendant's Motion was October 17, 2011. Plaintiff has not filed a response to the Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. Because Defendants' Motion is dispositive, this Report and Recommendation is filed for review by the district judge.

---

[1]Defendant Speth has been dismissed from this action.

## II.     RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been

filed. Plaintiff was specifically warned that a failure to response to the Motion for Summary Judgment could result in the Motion being granted. Because Plaintiff failed to file a response to the Motion for Summary Judgment, the undersigned concludes Plaintiff has abandoned his claim. No other reasonable sanctions are available. Accordingly, it is recommended that this case be dismissed pursuant to Rule 41(b).

## III. CONCLUSION

For the reasons discussed above, it is recommended that this action be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

  s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 11, 2012
Florence, South Carolina